**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUNICE WAMAITHA KARIUKI, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-4093 <br><br> Agency No. <br> A088-544-364 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2024
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Petitioner Eunice Wamaitha Kariuki, a native and citizen of Kenya, petitions

for review of a Board of Immigration Appeals' (BIA) decision denying her motion

to reopen removal proceedings. Kariuki acknowledges that the motion was

untimely by several years but argues that the BIA erred by determining that she

had not shown "extraordinary circumstances" to justify a waiver of the one-year

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

filing deadline under 8 U.S.C. § 1229a(c)(7)(C)(iv). As set forth in *Magana-Magana v. Garland*, No. 23-1887, 2024 WL 5218474 (9th Cir. Dec. 26, 2024), we have jurisdiction to review the BIA's "extraordinary circumstances" determination because it presents a mixed question of law and fact, and thus it is reviewable as a question of law under § 1252(a)(2)(D). *See id.* at *5–10 (citing *Wilkinson v. Garland*, 601 U.S. 209, 218–19 (2024)). Consistent with that decision, we have jurisdiction here. We deny the petition as to the "extraordinary circumstances" determination and dismiss the remaining issues for lack of jurisdiction.

1. Kariuki overstayed a visitor visa. On July 15, 2010, Kariuki filed a timely application for asylum and withholding of removal. An Immigration Judge denied her application, and the BIA dismissed her appeal. Meanwhile, on March 24, 2014, Kariuki married a United States citizen. Kariuki declares that, at the end of 2015, her husband "became angrier and more controlling." Kariuki further declares that, on April 18, 2016, her husband spit on her and began to choke her. Her husband was arrested and the couple eventually separated.

Based on these events, Kariuki filed a Form-360 special immigrant petition pursuant to the Violence Against Women Act (VAWA) on July 27, 2018. On November 15, 2021, the Department of Homeland Security approved Kariuki's petition and directed her to apply for adjustment of her immigration status. On January 30, 2023, Kariuki moved to reopen her removal proceedings and set aside

the November 21, 2013, BIA decision ordering her removed. Kariuki acknowledged that her motion was untimely, but she argued the "Attorney General should waive the time limitation due to [her] extraordinary circumstances."[1] The BIA declined to waive the one-year deadline for Kariuki's motion because she had not "made a showing of extraordinary circumstances or extreme hardship to [her] child, such as to warrant waiving the 1-year limitation." The BIA also "conclude[d] that [Kariuki's] motion [did] not establish an exceptional situation sufficient to warrant sua sponte reopening of her removal proceedings."

2.      Under 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), the Attorney General has discretion over the ultimate decision to waive the time limit for VAWA petitions. To exercise that discretion, the Attorney General must first find "extraordinary circumstances." As we held in *Magana-Magana*, that predicate determination presents a reviewable mixed question because it concerns "whether th[e] established facts satisfy the statutory eligibility standard." *Wilkinson*, 601 U.S. at

---

[1] Generally, a "motion to reopen [must] be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). However, section 1229a(c)(7)(C)(iv) provides an exception to this deadline for certain victims of domestic violence. Under this exception, the "motion to reopen [must be] filed within 1 year of the entry of the final order of removal, except that the Attorney General may, in the Attorney General's discretion, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child." *Id.* § 1229a(c)(7)(C)(iv)(III). In addition, the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a) (2024).

225; *see Magana-Magana*, 2024 WL 5218474, at \*9–10.  As in *Magana-Magana*, the Attorney General's attempts to distinguish *Wilkinson* are unpersuasive.  We are not left without a meaningful standard to apply.  The statute does not specify what makes circumstances extraordinary or precisely how extraordinary those circumstances must be.  However, in *Wilkinson* and in *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020), the Court found jurisdiction when the statutes at issue presented similar concerns.

Our jurisdiction to review the "extraordinary circumstances" determination is narrow.  First, although we may review the legal part of this mixed question, we are limited to applying the law to the "undisputed or established facts"; we may not review challenges to the BIA's factual determinations.  *Wilkinson*, 601 U.S. at 217 (quoting *Guerrero-Lasprilla*, 589 U.S. at 227); *see also id*. at 219.  Second, "a mixed question [that] requires a court to immerse itself in facts . . . suggests a more deferential standard of review."  *Id.* at 222.  Third, if the BIA had reached the ultimate issue of whether to waive the time limits, Kariuki's challenge to the threshold "extraordinary circumstances" determination would be moot because we would lack jurisdiction to review that ultimate discretionary decision.  Here, however, the BIA "conclude[d] that the respondent did not make the required showing" as to extraordinary circumstances and went no further.

3.  Kariuki's challenge to the BIA's "extraordinary circumstances"

determination focuses on one issue. She argues that the BIA found no extraordinary circumstances because it implicitly relied on a previous finding that she was not credible but failed to acknowledge its reliance. She argues that this court has jurisdiction to hear this challenge because the BIA "relied upon [an] incorrect legal analysis."

Kariuki's position is unpersuasive. First, it is true that "the BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies." *Stoyanov v. INS*, 172 F.3d 731, 736 (9th Cir. 1999). But nothing in the BIA's decision suggests that the BIA relied on a prior adverse credibility determination in concluding that Kariuki failed to demonstrate extraordinary circumstances. Kariuki's assertion to the contrary is pure speculation. We will not assume a basis for the BIA's decision without more. Thus, we conclude that the BIA properly "consider[ed] the issues raised, and announce[d] its decision in terms sufficient to enable [us] to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (quoting *Efe v. Ashcroft*, 298 F.3d 899, 906–07 (5th Cir. 2002)). Moreover, even if the BIA relied on the prior credibility determination, that determination resolved a question of fact and is thus unreviewable. *See Wilkinson*, 601 U.S. at 219.

4.      Finally, we lack jurisdiction to review Kariuki's challenge to the

BIA's declination to reopen Kariuki's proceeding *sua sponte*. The BIA has the authority to "reopen or reconsider . . . any case in which it has rendered a decision" *sua sponte*. 8 C.F.R. § 1003.2(a). As we held in *Ekimian v. INS*, we generally "do not have jurisdiction to review the BIA's refusal to reopen deportation proceedings *sua sponte*." 303 F.3d 1153, 1160 (9th Cir. 2002). We do have "jurisdiction to review [BIA] decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Kariuki's challenge to the BIA's decision not to reopen her removal proceedings *sua sponte* is identical to the challenge already discussed, which is not based on legal or constitutional error.

**PETITION DENIED in part and DISMISSED in part**.